**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **LAKEIDRA RESATA HAYGOOD, *et al*.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.: 1:26-cv-1401** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CRISTIAN QUINTANILLA-MOREIRA, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**NOTICE OF REMOVAL**

Defendant, BrightView Landscapes, LLC, by undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this action from the Circuit Court for Prince George's County, Maryland, in which it is now pending, to the United States District Court for the District of Maryland, on the following grounds:

1. Plaintiffs, Lakeidra Resata Haygood, as surviving parent of Cayliy A. Haygood, and as personal Representative of the Estate of Cayliy A. Haygood, and Pernell Haygood, as surviving parent of Cayliy A. Haygood (collectively, "Plaintiffs"), filed this lawsuit on March 5, 2026, in the Circuit Court for Prince George's County, Maryland, captioned *Lakeidra Haygood, et al. v. Cristian Quintanilla-Moreira, et al.*, Case No.: C-16-CV-26-001298 (the "State Court action"), asserting claims against BrightView Landscapes, LLC ("BrightView") and Cristian Quintanilla-Moreira ("Quintanilla") (collectively, "Defendants"). A copy of Plaintiffs' Complaint filed in the State Court action (the "Complaint" or "Compl.") is included with the copies of all process, pleadings, filings, and orders which have been served, along with a copy of the the State Court action docket sheet, attached as Exhibits hereto, and incorporated herein by reference.

2. This action may be removed to this Court on the grounds of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) since there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. BrightView was served with a Summons and copy of the Complaint in this case on March 12, 2026. This Notice of Removal has been filed within thirty (30) days of the service of the lawsuit.

5. This Notice of Removal is timely because it has been filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

6. Upon information and belief, Defendant Quintanilla has not been properly served in this case.

7. There is complete diversity of citizenship between Plaintiffs and all Defendants who are not fraudulently joined in this case.

8. At the time this action was initiated and now, all Plaintiffs are and were citizens of the State of Maryland.

9. Plaintiff, Lakeidra Resata Haygood, is and was at the time this action was initiated an adult citizen and domiciliary of the State of Maryland, with her home address in Maryland. *See, e.g.*, Compl. at case caption; *id.* at ⁋ 3 ("Plaintiff Lakeidra R. Haygood is the surviving parent of the deceased, Cayliy A. Haygood, and a citizen of the State of Maryland. Plaintiff Lakeidra Haygood was duly appointed as Personal Representative of the Estate of Cayliy A. Haygood on October 1, 2024, by the Register of Wills for Prince George's County (Estate No. 128675).").

10. Decedent, Cayliy A. Haygood, was a domiciliary and citizen of the State of Maryland at the time of her death, whose estate was opened and administered in Prince George's County, Maryland, Estate No. 128675. *See, e.g.*, Compl. at ⁋ 2 ("Cayliy A. Haygood was a citizen of Maryland… when she was killed in this vehicle accident on March 7, 2023."); *id.* at ⁋ 3 ("Plaintiff Lakeidra Haygood was duly appointed as Personal Representative of the Estate of Cayliy A. Haygood on October 1, 2024, by the Register of Wills for Prince George's County (Estate No. 128675).").

11. Plaintiff, Pernell F. Haygood, is and was at the time this action was initiated an adult citizen and domiciliary of the State of Maryland, with his home address in Maryland. *See, e.g.*, Compl. at case caption; *id.* at ⁋ 5 ("Plaintiff, Pernell Haygood, is the adult surviving father of the deceased, Cayliy Haygood, and a citizen of the State of Maryland.").

12. At the time this action was initiated and now, BrightView Landscapes, LLC was and is a citizen of Delaware and Pennsylvania

13. At the time this action was initiated and now, BrightView Landscapes, LLC was and is a limited liability company with a single member: BrightView Holdings, Inc. At the time this action was initiated and now, BrightView Holdings, Inc. was and is a Delaware corporation with its principal place of business in Pennsylvania. Accordingly, BrightView Landscapes, LLC, by virtue of the citizenship of BrightView Holdings, Inc., is a citizen of Delaware and Pennsylvania.

14. There is complete diversity of citizenship between Plaintiffs and Defendant BrightView.

15. However, Defendant Quintanilla is fraudulently joined in this case because Plaintiffs have no possibility of recovery against him on the basis alleged in the Complaint and Plaintiffs have not, and cannot, establish a cause of action against him under Maryland law.

16. As further detailed herein, Defendant Quintanilla is fraudulently joined in this lawsuit, including as he was not involved in or connected to the underlying accident on March 7, 2023 which is the basis of Plaintiffs' Complaint, and because the claims against him fail as a matter of law.

17. The doctrine of fraudulent joinder permits a federal court to "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014). To establish that a non-diverse defendant has been joined fraudulently, the removing party can show either: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Flores*, 563 F. App'x at 269 (*citing Marshall v. Manville Sales Corp*., 6 F.3d 229, 232 (4th Cir. 1993)). When "determining whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of the joinder by any means available." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quotation and citation omitted). The "entire record" includes affidavits submitted by the parties. *See, e.g., Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 720–21 (D. Md. 2000) (considering affidavits in determining that in-state defendant was fraudulently joined); *Beaudoin v. Sites*, 886 F. Supp. 1300, 1302 (E.D. Va. 1995) (noting that "When fraudulent joinder is at issue… [t]he defendants may submit affidavits and deposition transcripts" and that the "proceeding appropriate for

resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P., Rule 56(b).") (*citing, inter alia, B., Inc.*, 663 F.2d at 549).[1] If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action under Rule 21. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Gasnik v. State Farm Ins. Co.,* 825 F.Supp. 245, 248–49 (E.D.Cal. 1992).

18. All of the claims in Plaintiffs' Complaint arise out of a single occurrence, specifically a motor vehicle accident (the "accident") that occurred on March 7, 2023 resulting in the death of the decedent. *See, e.g.,* Compl. at ⁋ 2 (alleging: "Cayliy A. Haygood… was killed in this vehicle accident on March 7, 2023."); *id.* at ⁋ 15 (alleging: "This action arises from a car accident that occurred on March 7, 2023, on Ritchie Marlboro Road when the car in which Cayliy was a passenger crashed into the back of a landscaping truck near Dunsmore Terrace."); *id.* at ⁋ 19 (alleging: "At approximately 9:00 a.m. on March 7th, 2023, Kendall Batson was driving a BMW on Ritchie Marlboro Road with Cayliy Haygood in the passenger seat when the landscaping truck came into view in front of him, and he attempted to switch lanes before ultimately crashing into the illegally parked landscaping truck belonging to Brightview."); *id.* at ⁋ 21 (alleging: "Following the impact, both the driver and Cayliy were ejected from the BMW."); *id.* at ⁋ 23 (alleging: "Cayliy was injured, suffered, and died on the roadway of the crash."). *See also, e.g.,* Compl. at Count I (Wrongful Death), ⁋⁋ 29-40 (incorporating paragraphs 1-28 of Complaint and alleging wrongful death claims on behalf of Plaintiffs based on negligence); *id.* at Count II (Survival Action), ⁋⁋ 41-51 (incorporating paragraphs 1-40 of Complaint and alleging a survival claim based on negligence

[1] *See also, e.g., Great Plains Trust v. Morgan Stanley Dean Witter*, 313 F.3d 305, 311 (5th Cir. 2002) (stating that "[t]o decide whether a defendant has been fraudulently joined, the district court can employ a summary judgment-like procedure that allows it to pierce the pleadings and examine affidavits"); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiffs pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.").

on behalf of the decedent for pre-impact fright, physical injuries, conscious pain and suffering, and mental anguish).

19. Plaintiffs' claims against Defendant Quintanilla in the Complaint are all based on Plaintiffs' factually-erroneous assertion that Defendant Quintanilla drove the landscaping truck on the day of the accident and parked it where it was located at the time of the accident. *See, e.g.*, Compl., under the heading "Factual Background," at ⁋ 17 (alleging: "At the time of the accident, Defendant Quintanilla was operating a landscaping truck belonging to and with the permission of Brightview, in furtherance of his job duties."); *id.* at ⁋ 18 (alleging: "On the morning of the incident, the Defendant's landscaping truck was illegally parked in the right lane of Ritchie Marlboro Road. Other Brightview employees, including Defendant Quintanilla, also parked the truck there and are also responsible."). Under Count I in the Complaint, *see also, e.g.*, Compl. at ⁋ 30 (alleging: "The negligence and careless actions of Defendant Quintanilla and, therefore, Defendant Brightview, under the doctrine of *respondeat superior*, were a proximate cause and a substantial factor in bringing about the collision that resulted in Cayliy Haygood's tragic death."); *id.* at ⁋ 31 (alleging: "Defendants had a duty to Cayliy Haygood and the other drivers on Ritchie Marlboro Road to operate their landscaping truck with reasonable care."); *id.* at ⁋ 32 (alleging: "At all times material hereto, Defendants had a statutory duty to abide by the laws of the State of Maryland while operating a motor vehicle in the state, including but not limited to the Maryland Transportation Code § 21-1001."); *id.* at ⁋ 33 (alleging: "Defendant Quintanilla parked Brightview's landscaping truck on the highway, in the middle of the right lane, when it was practicable for him to park off the highway on the residential street - which would have been permitted by law. This was in violation of Maryland Transportation Code § 21-1001(a). This roadway was a highway outside of a business district or a residential district, and a person may not

stop, park, or leave standing on the roadway any vehicle, whether attended or unattended, if it is practicable to stop, park, or leave the vehicle standing off the roadway, which it was here.”). And under Count II in the Complaint, *see also, e.g.*, Compl. at ⁋ 42 (alleging: “The negligence and careless actions of Defendant Quintanilla and, therefore, Defendant Brightview, under the doctrine of *respondeat superior*, were a proximate cause and a substantial factor in bringing about the collision that resulted in Cayliy Haygood's tragic death.”); *id.* at ⁋ 43 (alleging: “Defendants had a duty to Cayliy Haygood, as well as any other individuals who may have been on the road, to operate the landscaping truck with reasonable care.”); *id.* at ⁋ 44 (alleging: “At all times material hereto, Defendants had a statutory duty to abide by the laws of the State of Maryland while operating a motor vehicle in the state, including but not limited to the Maryland Transportation Code § 21-1001.”); *id.* at ⁋ 45 (alleging: “Defendant Quintanilla parked Brightview's landscaping truck on the highway, in the middle of the right lane, when it was practicable for him to park off the highway on the residential street - which would have been permitted by law. This was in violation of Maryland Transportation Code § 21-1001(a). This roadway was a highway outside of a business district or a residential district, and a person may not stop, park, or leave standing on the roadway any vehicle, whether attended or unattended, if it is practicable to stop, park, or leave the vehicle standing off the roadway, which it was here.”).

20. Plaintiffs, however, have no possibility of recovery against Defendant Quintanilla on the basis alleged in the Complaint and Plaintiffs cannot establish a cause of action against him. The Affidavit of Defendant Quintanilla, attached hereto as **<u>Exhibit 1</u>**, expressly establishes that Defendant Quintanilla never drove, parked, or otherwise operated any BrightView landscaping truck at any time on March 7, 2023, and did not control, drive, park, or otherwise operate the truck involved in the accident at issue on the morning of March 7, 2023, but rather was solely working

as a laborer distributing mulch, and never acted in a management or supervisory capacity at any time on March 7, 2023. *See* Ex. 1 (Quintanilla Affidavit) at ¶¶ 1-4. Moreover, Defendant Quintanilla was not an owner of, and never had any ownership interest in, any BrightView landscaping truck, and he did not own, control, or have any ownership interest in, the truck involved in the accident at issue on the morning of March 7, 2023. *See id.* In light of these facts, Defendant Quintanilla, who did not own or control, and was not involved in the driving, operating, or parking of, the truck made the basis of Plaintiffs' Complaint, cannot be liable to Plaintiffs on any theory alleged in their Complaint, and the burden has been met to show that Defendant Quintanilla has been fraudulently joined in this case. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35 (1921) (joinder was fraudulent where the defendant had "no real connection [to] the controversy" because the allegations against the defendant were "without any reasonable basis in fact"); *Maffei v. Allstate California Ins. Co*., 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (finding that wholly owned subsidiary corporation of co-defendant was fraudulently joined when it had no connection to the controversy alleged in the complaint); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (stating that a defendant is fraudulently joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (stating that a defendant is fraudulently joined if there is no "reasonable basis for predicting that state law might impose liability on the facts involved") (internal quotations and citations omitted).

21. To date, Mr. Quintanilla has not been properly served in this case. However, even if he had, for the above reasons, Mr. Quintanilla is not a proper party defendant, there is no reasonable basis for predicting that state law might impose liability on the facts involved in this

case, his citizenship should be disregarded for purposes of removal on the basis of fraudulent joinder, and diversity jurisdiction exists.

22. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

23. Plaintiffs' Complaint does not seek a specific dollar amount of damages, as required when damages demanded do not exceed $75,000. *See generally* Compl.; Md. Rule 2-305(a) ("(a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought").

24. Plaintiff's Complaint seeks substantial damages that significantly exceed the $75,000 amount in controversy requirement. *See, e.g.,* Compl. at Count I (wrongful death claims), ¶¶ 39-40 (Alleging: "As a direct and proximate result of the wrongful death of Cayliy Haygood, Plaintiffs have suffered and will continue to suffer, mental anguish, emotional pain and suffering, economic damages including loss of financial support and assistance in the past, present, and future, loss of society, loss of companionship, loss of comfort, loss of attention, immense and continuing grief and sadness, and became obligated for the expenses of the decedent's funeral and burial, as well as other expenses." And: "WHEREFORE, Plaintiffs demand judgment against Defendants for all injuries they have suffered, including, but not limited to, mental anguish, emotional pain and suffering, economic damages including loss of financial support and assistance in the past, present, and future, loss of society, loss of companionship, loss of counseling, loss of training, loss of education, loss of guidance, immense and continuing grief and sadness, and loss of household services of Cayliy Haygood, expenses for the decedent's funeral and burial, as well as all claims and other expenses pursuant to Md. Code Ann., Cts. & Jud. Proc., §3-904(a)."); Compl. at Count II (survival claim), ¶¶ 50-51 (Alleging: "As a direct and proximate result of the

defendants' negligence described herein, the Decedent, Cayliy Haygood, was caused to suffer pre-impact fright, physical injuries, conscious pain and suffering, and mental anguish for several horrific seconds until the time of her death. Cayliy Haygood further suffered from multiple injuries, including uncontrolled bleeding of the face, blunt force injuries, and multi-system trauma, which all contributed to her death which was proximately caused by this collision. In addition, Plaintiff Cayliy Haygood suffered great conscious pain and suffering, discomfort, anxiety, worry, and agony in the moments prior to her death on March 7, 2023." And: "WHEREFORE, Plaintiffs demand judgment against Defendants, such award to include compensation for pain and suffering, mental anguish, medical, hospital, and burial expenses, lost wages, plus interest and costs of this action, and any other appropriate relief pursuant to Md. Code Ann., Cts. & Jud. Proc. §6-401.").

25. Upon information and belief, Mr. Quintanilla has not been properly served with a Summons and the Complaint. His consent to removal, therefore, would not be required pursuant to 28 U.S.C. § 1446(b)(2)(A). Nevertheless, although not required, Mr. Quintanilla has consented to this removal.

26. Venue is appropriate in this Court, and this case is sought to be removed to the United States District Court for the District of Maryland, Sothern Division, pursuant to 28 U.S.C. § 1441(a). The Circuit Court for Prince George's County, Maryland is located within this District and cases arising in the Circuit Court for Prince George's County, Maryland are properly assigned to the Southern Division of this Court. *See* 28 U.S.C. § 100(2).

27. This Notice of Removal is being served upon counsel for Plaintiffs and contemporaneously filed with the Clerk of the Circuit Court for Prince George's County. Copies of the Notice of the Filing of this Notice of Removal, together with the Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. §1446(d).

28. Pursuant to 28 U.S.C. 1446(a), filed herewith are copies of all process, pleadings, filings, and orders which have been served upon Defendant, attached as Exhibits hereto, and incorporated herein by reference.

29. All procedural requirements for removal have been satisfied.

30. By filing this Notice of Removal, no defense which may be available is waived, including, but not limited to, the right to contest personal jurisdiction, the sufficiency of process, and the sufficiency of service of process.

31. Based on the foregoing, it is respectfully requested that the Court find this case to be properly removed, assume jurisdiction over this matter, and, for the reasons set forth herein as well as those more fully set forth in the Motion to Dismiss or In the Alternative for Summary Judgment—which is intended to be filed soon after the filing of this Notice of Removal—dismiss Defendant Quintanilla as an improperly joined party.

WHEREFORE, BrightView respectfully requests that this action be removed to the United States District Court for the District of Maryland, and that no further proceedings be had in the Circuit Court for Prince George's County, Maryland.

Respectfully submitted,

*/s/ Robert L. Hebb*

Robert L. Hebb (Fed. Bar # 23425)
(AIS# 9312150037)
Richard J. Medoff (Fed. Bar # 19608)
(AIS# 1512160114)
SEMMES, BOWEN & SEMMES
250 West Pratt Street, Suite 1900
Baltimore, Maryland 21201
(410) 539-5040 (Telephone)
(410) 539-5223 (Facsimile)
rhebb@semmes.com
rmedoff@semmes.com
*Attorneys for Defendant,*
*BrightView Landscapes, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 10th day of April, 2026, a copy of the foregoing Notice of Removal was filed and served electronically by the MDEC system, and served *via* U.S. mail, postage prepaid, upon:

David E. Haynes, Esq. (AIS# 0312220004) (Fed. Bar# 18221)
The Cochran Firm
1666 K Street, N.W., Suite 1150
Washington, D.C. 20006
Tel: (202) 682-5800
Fax: (202) 408-8851
dhaynes@cochranfirm.com
*Counsel for the Plaintiffs*

*/s/ Robert L. Hebb*
Robert L. Hebb (Fed. Bar # 23425)
SEMMES, BOWEN & SEMMES

4923.9210.4093.docx