**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **LAKEIDRA RESATA HAYGOOD, *et al*.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CRISTIAN QUINTANILLA-MOREIRA, *et al*.,**<br><br>**Defendants.** | ) | **Case No.: 8:26-cv-01401-LKG** |
| **BRIGHTVIEW LANDSCAPES, LLC,**<br><br>**Defendant/Third-Party Plaintiff,**<br><br>**v.**<br><br>**KENNETH BATSON, JR.,**<br>9102 Lincoln Ave.<br>Upper Marlboro, MD 20774<br><br>**AND**<br><br>**JOHN DOE (TO BE APPOINTED), AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KENDALL MALIK BATSON**<br>14735 Main St.<br>Upper Marlboro, MD 20772<br><br>**Third-Party Defendants.** | ) | |

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, BrightView Landscapes, LLC ("BrightView" or "Third-Party Plaintiff"), by undersigned counsel, and pursuant to Fed. R. Civ. P. 14 and 18,[1] Md. Code

[1] *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."); Fed. R. Civ. P. 18(a) (providing that a party asserting a third-party claim "may join, as independent or alternative claims, as many claims as it has against an opposing party.").

Ann., Est. & Trusts § 8-104(e)(1)[2], and this Court's September 22, 2026 Order (ECF No. 21) directing this to be filed, and makes the following Third-Party Complaint against Third-Party Defendants, Kenneth Batson, Jr. ("Kenneth Batson") and John Doe, as Personal Representative of the Estate of Kendall Malik Batson (to be appointed by court)[3] ("Kendall Batson" or the "estate") (collectively, the "Third-Party Defendants"), and further states as follows:

1. In the above-captioned case, the Plaintiffs, Lakeidra Resata Haygood, as surviving parent of Cayliy A. Haygood, and as Personal Representative of the Estate of Cayliy A. Haygood, and Pernell Haygood, as surviving parent of Cayliy A. Haygood (collectively, "Plaintiffs"), filed a Complaint on March 5, 2026, in the Circuit Court for Prince George's County, Maryland, captioned *Lakeidra Haygood, et al. v. Cristian Quintanilla-Moreira, et al.*, Case No.: C-16-CV-26-001298 (the "State Court action"), asserting claims against BrightView and Cristian Quintanilla-Moreira ("Quintanilla")[4] arising out of a motor vehicle collision that occurred on March 7, 2023 (the "accident") resulting in the death of Cayliy A. Haygood ("decedent" or "Cayliy Haygood") which is incorporated herein by reference. *See* Plaintiffs' Complaint, Case No.: C-16-CV-26-001298 (ECF No. 3) (the "Complaint").

---

[2] *See* Md. Code Ann., Est. & Trusts § 8-104(e)(1) ("If the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions.").

[3] Third-Party Plaintiff is in the process of petitioning to open the Estate of Kendall Malik Batson, and have a personal representative appointed by the State Court.

[4] As detailed in the Notice of Removal (ECF No. 1) and Mr. Quintanilla's pending Notice of Intent to File Motion to Dismiss (ECF No. 15), Mr. Quintanilla has been fraudulently joined, he cannot be liable to Plaintiffs on any theory alleged in the Complaint, he is not a proper party defendant, there is no reasonable basis for predicting that state law might impose liability on the facts involved in this case, his citizenship should be disregarded for purposes of removal on the basis of fraudulent joinder, diversity jurisdiction should be found, and he should be dismissed as a preliminary matter. *See generally* ECF Nos. 1 and 15. Although if not dismissed, Mr. Quintanilla would likewise assert the same claims against Third-Party Defendants herein.

2. BrightView timely removed the State Court action to the U.S. District Court for the District of Maryland. *See* ECF No. 1 (Notice of Removal), which is incorporated herein by reference.

3. At the time of the accident on the morning of March 7, 2023, Kendall Batson was driving a 2018 BMW 520xi sedan, with Maryland license plate 1EX3921 (the “BMW”), a high-power performance vehicle with a turbocharged engine, that was owned and controlled by Kenneth Batson, with Cayliy Haygood in the passenger seat.

4. The accident occurred around 9:00 a.m. on March 7, 2023, in the northbound lanes of Ritchie Marlboro Road near Dunsmore Terrace in Upper Marlboro, Maryland, about one mile from a local high school. Ritchie Marlboro Road has two travel lanes in each direction at this residential location, and has a speed limit of 40 mph.

5. A BrightView landscaping truck towing an enclosed trailer was lawfully parked on the side of the road against the curb in the right most northbound lane of Ritchie Marlboro Road, with a crew involved in mulching for the local HOA including mulching the trees along the side of Ritchie Marlboro Road.

6. Off of Ritchie Marlboro Road and around the location of the accident are small residential developments, with residential side streets ending in cul-de-sacs and dead-ends, impracticable, unfeasible and/or impossible for travel in and out by the landscaping truck and trailer.

7. On the aforesaid date, time, and place, the weather and road conditions were clear and dry, and the truck and trailer were clearly visible from long distances by motorists on and around Ritchie Marlboro Road.

8. On the aforesaid date, time, and place, Kendall Batson was recklessly driving the BMW, with Cayliy Haygood in the passenger seat, on Ritchie Marlboro Road as he approached the parked landscaping truck from behind at an excessive and dangerous rate of speed of approximately 90 mph, more than twice the posted speed limit in a residential area with a posted speed limit of 40 mph, when Kendall Batson attempted to illegally pass another car on the right, and ultimately crashed the BMW into the rear of the landscaping truck's trailer at a high rate of speed, crushing the back of the landscaping truck's trailer, and leaving the passenger side door from the BMW embedded into the back of the trailer, as a result of which Cayliy Haygood was ejected from the BMW and pronounced dead at the scene.

9. Police responded to the accident and State of Maryland Motor Vehicle Crash Report No. DA3198002K for the accident described herein found that Kendall Batson was at-fault, that Kendall Batson was the only at-fault party, and that Kendall Batson failed to give full time and attention, exceeded the speed limit, drove too fast for conditions, improperly passed another vehicle, made an improper lane change, and operated the BMW in an erratic and reckless matter.

10. All of the claims in Plaintiffs' Complaint arise out of the accident that occurred on March 7, 2023 resulting in the death of the decedent. *See generally* Compl.

11. Upon information and belief, Kendall Batson survived the accident on March 7, 2023, but subsequently died in a shooting incident in May 2023.

12. Upon information and belief, Kenneth Batson is an adult individual that resides at the above-referenced address, was the father of Kendall Batson, and at all relevant times owned and controlled the BMW.

13. Upon information and belief, no estate was previously opened for Kendall Malik Batson, and Third-Party Plaintiff is in the process of petitioning to open the estate, and seeking to have a personal representative appointed by the State Court.

14. Upon information and belief, Md. Code Ann., Est. & Trusts § 8-104(e)(1) is applicable as to all claims against the estate. *See* Md. Code Ann., Est. & Trusts § 8-104(e)(1) ("If the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions.").

15. BrightView denies that it or any employees engaged in, or are liable for, any intentional tortious conduct, negligent conduct or other breach of duty, or statutory violation, and affirmatively alleges that at all times relevant hereto it and any employees acted appropriately, responsibly, legally, and with due care.

16. In the event it is determined that the Plaintiffs were damaged and injured as alleged, which is denied, such damages and injuries were solely and proximately caused by Third-Party Defendants' intentionally tortious conduct, negligent conduct or other breach of duty, or statutory violations, without any intentionally tortious conduct, negligent conduct or other breach of duty, or statutory violation of Third-Party Plaintiff or any of its employees contributing thereto.

17. If Third-Party Plaintiff or any employee is found liable to the Plaintiffs, which liability is expressly and wholly denied, then Third-Party Plaintiff further demands contribution and/or indemnification from Third-Party Defendants for any sums of money that may be adjudged to be owed to the Plaintiffs.

18. As a result of Third-Party Defendants' negligence and negligent entrustment, Third-Party Plaintiff was sued by Plaintiffs in the above-captioned action, and has incurred damages, including but not limited to, attorneys fees and costs related to the defense of the above-captioned case, and may be forced to pay any judgment obtained in the above-captioned case.

19. Additionally, Plaintiffs previously raised, settled and resolved their wrongful death and survivorship claims arising from the accident in a prior suit involving Kenneth Batson, the BMW's insurance carrier (Integon Indemnity Company), and Plaintiffs' underinsured motorist coverage carrier (USAA), in Prince George's County Circuit Court, Case No. C-16-CV-23-002037, File Date: May 2, 2023 (the "Settlement Case"), in which the Plaintiffs and others, *inter alia*, filed a Petition for Approval of Wrongful Death and Survivorship Claims, and received an Order Approving Settlement of Wrongful Death and Survivorship Claims in October 2023, without any admission or finding of liability on the part of Mr. Batson.

20. In requesting the Order Approving Settlement of Wrongful Death and Survivorship Claims in the Settlement Case, the Plaintiffs and other parties represented to the court that the settlement funds being paid to Plaintiffs constituted all available insurance coverage for the accident at issue, thus triggering underinsured motorist benefits, and upon information and belief, Plaintiffs and others in the Settlement Case intended to resolve and release all claims arising from the accident at issue, to include all claims alleged in Plaintiffs' Complaint here, and Third-Party Plaintiff is entitled to, among other things and without limitation, a setoff, reduction or other benefit of any settlement funds paid in resolution of the Settlement Case.

21. The subject accident occurred in Prince George's County, Maryland, within the Southern Division of the U.S. District Court for the District of Maryland, and this case was properly removed to this Court by BrightView.

22. This Third-Party Complaint is further permitted and supported by Federal Rule of Civil Procedure 14, which provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). And Federal Rule of Civil Procedure 18(a), which provides that a party asserting a third-party claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). And on September 22, 2026, the Court issued an Order directing the filing of this Third-Party Complaint by September 29, 2026. *See* ECF No. 21.

**COUNT I - NEGLIGENCE**
**(All Third-Party Defendants)**

23. Third-Party Plaintiff hereby adopts and incorporates by reference the allegations in all paragraphs above and below, as if fully set forth herein.

24. On the aforesaid date, time, and place, and at all times relevant hereto, Third-Party Defendants owed a duty to use reasonable care to avoid injuring others, and Kendall Batson owed a duty of reasonable care to his passengers in the BMW, including Cayliy Haygood, and all persons on and around the roadway, including the Third-Party Plaintiff, and was duty bound to operate the BMW with reasonable care and prudence, to operate the BMW at a safe and reasonable speed and distance from other vehicles, objects, and people, to operate the BMW under proper control, to keep a proper lookout for other vehicles, to reduce speed to avoid an accident, to avoid striking other vehicles, to obey traffic signs and posted speed limits, and to otherwise abide by the laws and regulations of the State of Maryland.

25. Notwithstanding these duties, and in breach thereof, Kendall Batson operated the vehicle in a grossly negligent and reckless manner and carelessly crashed the BMW into the rear

of the parked landscaping truck's trailer at an extreme rate of speed, crushing the back of the landscaping truck's trailer, and ejecting Cayliy Haygood from the BMW and causing her death.

26. On the aforesaid date, time, and place, and at all times relevant hereto, Kendall Batson was negligent, and among other things, failed to exercise reasonable care in the management and control of the BMW he was operating, operated the BMW in an erratic and reckless manner, made an improper lane change and attempted to illegally pass another car on the right, failed to pay full time and attention to his driving, failed to obey the posted speed limit, failed to travel at a speed consistent with traffic conditions, failed to operate the BMW at a safe and reasonable speed and distance from other vehicles, objects, and people, failed to operate the BMW under proper control, failed to keep a proper lookout for other vehicles, objects, and people, failed to reduce speed to avoid an accident, failed to avoid striking other parked vehicles, failed to abide by the laws and regulations of the State of Maryland, and was otherwise negligent and reckless.

27. Kendall Batson driving the BMW, a high-powered sports car, at approximately 90 mph in a 40 mph residential zone—50 mph over the posted limit—near a school in a congested residential area, arises well above ordinary negligence to gross negligence, and a wanton or reckless disregard for human life, that had fatal results.

28. Kendall Batson's conduct also violated multiple Maryland Transportation Article provisions, including but not limited to, Md. Code Ann., Transp. § 21-801, which requires driving at a reasonable and prudent speed; and Md. Code Ann., Transp. § 21-901.1, which defines reckless driving to include driving "at a speed at least 30 miles per hour above the posted speed limit" or "in wanton or willful disregard for the safety of persons or property."

29. Kendall Batson's conduct involved an intentional or particularly reckless failure to meet a duty, a wanton or reckless disregard for the safety, health, life, or property of others, and complete indifference to the possibility of harm.

30. Kendall Batson's negligence, statutory violations and other breach of duties were a direct and proximate cause of the accident and Plaintiffs' alleged damages, as well as Third-Party Plaintiff's damages, for which Kenneth Batson may also be liable.

31. At that same time and place, and at all times relevant hereto, upon information and belief, Kenneth Batson was the owner and registered owner of the BMW, and the father of Kendall Batson, with the right to control the BMW and to prohibit use of the BMW, and Kendall Batson was operating the BMW with the permission of Kenneth Batson and/or as the agent of Kenneth Batson, such that Kenneth Batson may be held vicariously liable for the negligence of Kendall Batson.

32. The accident occurred, and any alleged damages were incurred, as the direct and proximate result of Third-Party Defendants' negligence, gross negligence, statutory violations, and other breach of duties, and without any negligence or other misconduct of Third-Party Plaintiff or any employees contributing thereto.

33. WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendants, jointly and severally,[5] for all damages, losses, and expenses incurred as a result of the above-captioned case, the full amount of any judgment or award Third-Party Plaintiff is liable to pay in the above-captioned case and/or settlement amount agreed to be paid to settle the Plaintiffs' claims in the above-captioned case, interest thereon, and all costs and attorney's fees associated

[5] As subject to Md. Code Ann., Est. & Trusts § 8-104(e)(1) regarding the estate.

with defending the allegations of Plaintiffs' Complaint, and such other and further relief as the nature of this cause may require.

**COUNT II – NEGLIGENT ENTRUSTMENT**
**(Kenneth Batson)**

34. Third-Party Plaintiff hereby adopts and incorporates by reference the allegations in all paragraphs above and below, as if fully set forth herein.

35. At all relevant times, Kenneth Batson controlled the BMW and entrusted the BMW to Kendall Batson to operate it.

36. At the time of the entrustment, Kenneth Batson knew or, in the exercise of reasonable care, should have known that teenager Kendall Batson was incompetent, inexperienced, reckless, and otherwise unfit to safely operate the BMW, and was likely to use the BMW in a manner involving an unreasonable risk of physical harm to others, and upon information and belief, the incompetence or unfitness of Kendall Batson included, but was not limited to: his youth and inexperience as a driver; his propensity to operate vehicles at excessive speeds; his history of recklessness and dangerous behavior; his lack of maturity and judgment necessary for safe driving; and his other prior conduct or circumstances that would place a reasonable person on notice of his recklessness and unsafe driving tendencies.

37. Despite such knowledge, and although it was foreseeable that others would be unreasonably endangered, Kenneth Batson negligently entrusted the BMW, a high power performance vehicle with a turbocharged engine, to Kendall Batson to operate it, and at all relevant times, Kendall Batson operated the BMW with the permission of Kenneth Batson, including when the BMW struck the rear of a parked and clearly-visible landscaping trailer at approximately 50 mph over the posted residential speed limit.

38. Kenneth Batson's entrustment of the BMW to Kendall Batson under these circumstances constituted negligence.

39. The negligent entrustment was a direct and proximate cause of the accident and Plaintiffs' alleged damages, as well as Third-Party Plaintiff's damages.

40. WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendant, Kenneth Batson, for all damages, losses, and expenses which Third-Party Plaintiff incurs as a result of the above-captioned case, the full amount of any judgment or award it is liable to pay in the above-captioned case and/or settlement amount it agrees to pay to settle the claims in the above-captioned case, interest thereon, and all costs and attorney's fees associated with defending the allegations of Plaintiffs' Complaint, and such other and further relief as the nature of this cause may require.

**COUNT III – INDEMNIFICATION**
**(All Third-Party Defendants)**

41. Third-Party Plaintiff hereby adopts and incorporates by reference the allegations in all paragraphs above and below, as if fully set forth herein.

42. Third-Party Plaintiff denies that it or any employee was negligent or breached any duty, and denies all liability for the Plaintiffs' claims.

43. At the time of the accident, the landscaping truck and trailer were stationary and lawfully parked on the side of the road against the curb in the right most northbound lane of Ritchie Marlboro Road, and when it was not practicable or possible to park the landscape truck and trailer on other nearby streets, as off of Ritchie Marlboro Road around the location of the accident are small residential developments, with residential side streets ending in cul-de-sacs and dead-ends, impractical and unsuitable for travel through by the landscaping truck and trailer, and on the

aforesaid date, time, and place, the weather and road conditions were clear and dry, and the truck and trailer were clearly visible from long distances by motorists on and around Ritchie Marlboro Road, including Third-Party Defendants.

44. Should the Plaintiffs prove there was a breach of duty, even though Third-Party Plaintiff denies that it breached any duty, then any such breach would have been by the Third-Party Defendants, and such breach by the Third-Party Defendants would be a direct and proximate cause of the accident and the Plaintiffs' alleged damages.

45. Third-Party Plaintiff is entitled to indemnification from Third-Party Defendants for any liability that may be adjudged in favor of Plaintiffs and against Third-Party Plaintiff in this case in order to prevent Third-Party Defendants from being unjustly enriched, as any liability should be Third-Party Defendants' responsibility to pay, and Third-Party Plaintiff would be subjected to liability for the wrongful conduct of Third-Party Defendants.

46. If judgment or fault is found against Third-Party Plaintiff, any negligence or breach of duty on part of it or any employees was passive and secondary while the intentional tortious conduct, negligent conduct or other breach of duty, or statutory violations by Third-Party Defendants were primary and active, so that in the event damages are awarded in favor of the Plaintiffs against Third-Party Plaintiff, Third-Party Plaintiff would be entitled to indemnity from Third-Party Defendants, including to avoid an unjust result, and because any such damages are properly attributable to the conduct of Third-Party Defendants, and Third-Party Defendants are the more culpable parties who were primarily and actively negligent.

47. WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendants, jointly and severally,[6] for all damages, losses, and expenses which Third-Party

[6] As subject to Md. Code Ann., Est. & Trusts § 8-104(e)(1) regarding the estate.

Plaintiff incurs as a result of the above-captioned case, the full amount of any judgment or award it is liable to pay in the above-captioned case and/or settlement amount it agrees to pay to settle the claims in the above-captioned case, interest thereon, and all costs and attorney's fees associated with defending the allegations of Plaintiffs' Complaint, and such other and further relief as the nature of this cause may require.

**COUNT IV – CONTRIBUTION**
**(All Third-Party Defendants)**

48. Third-Party Plaintiff hereby adopts and incorporates by reference the allegations in all paragraphs above and below, as if fully set forth herein.

49. Third-Party Plaintiff avers that if, in fact, the Plaintiffs were damaged and injured as a consequence of the conduct complained of in the Complaint, which Third-Party Plaintiff denies, any such damages to Plaintiffs were also proximately caused by the negligence and negligent entrustment of Third-Party Defendants as joint tortfeasors.

50. To the extent that Plaintiffs recover any amount against Third-Party Plaintiff, Third-Party Plaintiff is entitled to contribution from Third-Party Defendants of at least *pro rata* shares of any judgment, pursuant to the Maryland Uniform Contribution Among Joint-Tortfeasors Act.

51. WHEREFORE, Third-Party Plaintiff demands judgment for contribution against Third-Party Defendants in these proceedings for at least *pro rata* shares of any and all damages assessed against or otherwise paid by Third-Party Plaintiff under the claims made by Plaintiffs, and for such other and further relief as the nature of this cause may require.

[*SIGNATURE BLOCK ON FOLLOWING PAGE*]

Respectfully submitted,

*__/s/ Robert L. Hebb__*
Robert L. Hebb (Fed. Bar # 23425)
Richard J. Medoff (Fed. Bar # 19608)
SEMMES, BOWEN & SEMMES
250 West Pratt Street, Suite 1900
Baltimore, Maryland 21201
(410) 539-5040 (Telephone)
(410) 539-5223 (Facsimile)
rhebb@semmes.com
rmedoff@semmes.com
*Counsel for Defendants,*
*BrightView Landscapes, LLC*
*and Cristian Quintanilla-Moreira*

**__JURY DEMAND__**

Third-Party Plaintiff, by and through its undersigned counsel, respectfully demands a trial by jury on all issues herein.

*__/s/ Robert L. Hebb__*
Robert L. Hebb (Fed. Bar # 23425)
Richard J. Medoff (Fed. Bar # 19608)
SEMMES, BOWEN & SEMMES
250 West Pratt Street, Suite 1900
Baltimore, Maryland 21201
(410) 539-5040 (Telephone)
(410) 539-5223 (Facsimile)
rhebb@semmes.com
rmedoff@semmes.com
*Counsel for Defendants,*
*BrightView Landscapes, LLC*
*and Cristian Quintanilla-Moreira*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 29th day of September, 2026, a copy of the foregoing Third-Party Complaint was filed and served electronically *via* the Court's CM/ECF system on all counsel of record and persons entitled to service, including:

David E. Haynes, Esq. (AIS# 0312220004) (Fed. Bar# 18221)
The Cochran Firm
1666 K Street, N.W., Suite 1150
Washington, D.C. 20006
Tel: (202) 682-5800
Fax: (202) 408-8851
dhaynes@cochranfirm.com
*Counsel for the Plaintiffs*

*/s/ Robert L. Hebb*
Robert L. Hebb (Fed. Bar # 23425)
SEMMES, BOWEN & SEMMES